IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| JUNE MEDICAL SERVICES, LLC d/b/a HOPE MEDICAL GROUP FOR WOMEN, on behalf of its patients, physicians, and staff, <br><br> Plaintiffs, <br><br> v. <br><br> STEPHEN R. RUSSO, in his official capacity as Interim Secretary of the Louisiana Department of Health; JIMMY GUIDRY, M.D., in his official capacity as State Health Officer; and JEFF LANDRY, in his official capacity as Attorney General for the State of Louisiana, <br><br> Defendants. | Case No. 3:20-cv-00229-JWD-EWD |

**PLAINTIFF'S APPLICATION FOR TEMPORARY RESTRAINING ORDER AND MOTION FOR PRELIMINARY INJUNCTION**

The above-captioned Plaintiff, by and through undersigned counsel, hereby moves this Court pursuant to Rule 65 of the Federal Rules of Civil Procedure for a temporary restraining order, effective immediately, and after further proceedings, a preliminary injunction prohibiting Defendants from enforcing Louisiana Department of Health's ("LDH") Healthcare Facility Notice/Order #2020-COVID19-All-007 (the "Notice") as applied to previabilty abortion.[1] In the alternative, Hope seeks relief as applied to itself and its patients, physicians, and staff.

The Notice directs "that any and all medical and surgical procedures SHALL be postponed until further notice," except medical and surgical procedures (1) "to treat an emergency medical condition" or (2) "to avoid further harms from underlying condition or disease." As to healthcare services other than medical and surgical procedures, the Notice "directs that all healthcare

---

[1] Louisiana Department of Health, Healthcare Facility Notice/Order #2020-COVID19-All-007 (Mar. 21, 2020), https://files.constantcontact.com/dd5f31ef601/1e9440a9-14a2-4982-8fb1-a1b129058f8e.pdf.

1

providers postpone all in-person healthcare services that can safely be postponed for 30 days" but leaves that determination to the provider's "best medical judgment." The Notice has immediate effect.

Defendants' recent actions and application of the Notice to previability abortion would deny Louisianans' access to essential, time-sensitive healthcare and violate their constitutional right to abortion prior to viability. Further, by inflicting warrantless inspections without notice on Plaintiff and demanding copies of patient medical charts, Defendants violated Plaintiff's and their patients' constitutional right to be free from unreasonable searches.

Injunctive relief is necessary to halt Defendants from infringing on Louisianans' fundamental constitutional right to abortion prior to viability and to preserve the status quo for patients who are seeking that care. The requested relief is warranted for the reason that Defendants' interpretation of the Notice would violate Plaintiff's patients' constitutional right to an abortion under the Fourteenth Amendment, and their recent actions violate Plaintiff's and their patients' Fourth Amendment right to be free from unreasonable searches. The grounds for this Motion are more fully set forth in Plaintiff's accompanying Memorandum of Law in Support and the Declarations of Kathaleen Pittman and Dr. Pooja Mehta (the "Supporting Papers").

In order to maintain the status quo pending determination of its motion for a preliminary injunction, Plaintiff seeks an immediate temporary restraining order to prevent certain immediate and irreparable harms from occurring to Plaintiff's patients as described in the Supporting Papers.

WHEREFORE, Plaintiff respectfully requests that this Court:

(1)     Immediately issue a temporary restraining order, followed by a preliminary injunction, and later a permanent injunction, restraining Defendants, their officers, agents, servants, employees, and attorneys, and any persons in active concert or participation with them

from enforcing the Notice as applied to previability abortion care, or, in the alternative, as applied to Hope and its patients, physicians, and staff;

(2)     After further proceedings, to enter a judgment declaring that the Notice, as applied to previability abortion, or, in the alternative, as applied to Hope, its patients, physicians and staff, violates the Fourteenth Amendment to the U.S. Constitution; and to enter a judgment declaring that Defendants' actions violate the Fourth Amendment to the U.S. Constitutions.

Respectfully submitted this 14th day of April, 2020.

/s/ Ellie T. Schilling

Jenny Ma*  
Caroline Sacerdote*  
Arielle Humphries*  
CENTER FOR REPRODUCTIVE RIGHTS  
199 Water Street, 22nd Floor  
New York, New York 10038  
Phone/Cell: (917) 637-3705  
Fax: (917) 637-3666  
Email: jma@reprorights.org  

Ellie T. Schilling  
Louisiana State Bar No. 33358  
SCHONEKAS, EVANS, McGOEY  
& McEACHIN, LLC  
909 Poydras Street, Suite 1600  
New Orleans, LA 70112  
Phone/Cell: (504) 680-6050  
Fax: (504) 680-6051  
E-mail: Ellie@semmlaw.com  

* Admitted *Pro Hac Vice*

ATTORNEYS FOR PLAINTIFF

## CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 65

I, Ellie T. Schilling, counsel for Plaintiff June Medical Services LLC d/b/a Hope Medical Group for Women, hereby certify that I have furnished a copy of the foregoing Application for a Temporary Restraining Order and Motion for Preliminary Injunction, as well as copies of all other papers filed in the action to date or to be presented to the court at a hearing on the foregoing, on Defendants listed below via ECF on April 14th, 2020:

STEPHEN R. RUSSO, in his official capacity as Interim Secretary of the Louisiana Department of Health,

JIMMY GUIDRY, M.D., in his official capacity as State Health Officer, and

JEFF LANDRY, in his official capacity as Attorney General of Louisiana.

*s/ Ellie T. Schilling*
Ellie T. Schilling